528 A.2d 545

**Karen REGIEC**

v.

**Mark Scott STOGO.**

**No. 1706, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

July 17, 1987.

Joseph B. Spillman, Asst. Atty. Gen. (J. Joseph Curran, Jr., on the brief), Baltimore, B. Randall Coates, State's Atty. for Worcester County (John E. King, Asst. State's Atty., on the brief), Snow Hill, for appellant.

James W. Almand (Ayres, Jenkins, Gordy & Almand, P.A., on the brief), Ocean City, for appellee.

Submitted before GILBERT, C.J., and MOYLAN and ALPERT, JJ.

MOYLAN, Judge.

In June, 1986, the appellant, Karen Regiec, filed a paternity petition alleging that the appellee, Mark Scott Stogo, is the father of a child born to her in April, 1986. The appellee, thereafter, filed an answer and requested a jury trial.

In August, 1986, the appellant filed a motion pursuant to Md.Fam.Law Code Ann. § 5–1029, for the court to order blood tests. The court issued an order requiring the parties and the child to appear for blood extraction on September 8, 1986. The appellee filed an answer to the motion for blood tests stating the blood tests were unreliable, not accepted by the scientific community, and violative of his right to remain silent.

The appellee did not appear on September 8, 1986, for the blood tests. The appellant petitioned the court for a new order compelling the appellee to appear for blood extraction. The court issued an order denying the re-petition, but ordered that the appellant could disclose to the court and jury the appellee's refusal to submit to the blood tests.

The case was tried in Worcester County Circuit Court before Judge Dale R. Cathell and a jury. The appellant disclosed to the jury that the appellee refused to submit to the blood test which was ordered by the court and argued that fact during the closing statements. The jury returned a verdict for the appellee and the appellant appeals.

Upon appeal, the appellant raises one issue:

"In a paternity proceeding in which the defendant failed to obey a court order that he appear for blood testing, did the lower court err as a matter of law when it denied appellant's petition requesting the court to issue a new order compelling the parties to appear for blood testing?"

Md.Fam.Law Code Ann. § 5–1029 provides in pertinent part:

"§ 5–1029. Blood tests.

(a) *In general.* On the motion of a party to the proceeding or on its own motion, the court shall order the mother, child, and alleged father to submit to blood tests to determine whether the alleged father can be excluded as being the father of the child.

.    .    .    .    .

(f) *Failure to submit to test.*—If any individual fails to submit to a blood test ordered by the court, that refusal, properly introduced in evidence:

(1) shall be disclosed to the court and jury; and

(2) may be commented on by the court or by counsel."

The appellant argues that § 5–1029(a) requires the trial court to order blood tests. Furthermore, § 5–1029(f) does not provide the exclusive remedy against an uncooperative party. Rather, subsection (f) provides a remedy only in those cases where there has been no new petition for blood tests after a refusal.

Section 5–1029 is a straightforward statute. Upon a motion, the court shall order the parties to submit to blood testing. If a party refuses to submit to a blood test, the legislature provided a remedy. Evidence of the refusal could be disclosed to the court and jury and commented upon to the court and jury. The judge in this case followed the precepts of the statute exactly.

The course of action propounded by the appellant would result in a never-ending repetition of a party petitioning for blood testing, the court ordering blood tests, and the opposing party refusing to submit to the test. To avert this problem, the legislature specifically set forth a not inconsequential sanction against the recalcitrant party. The fact of the refusal could be brought out and argued in open court, as was done in this case. The trial court made no error.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.